UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GAMELIN BERNIER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-14146-IT |
| | * | |
| EASTER SEALS OF NEW HAMPSHIRE, | * | |
| INC., | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER TRANSFERRING CASE

August 6, 2015

TALWANI, D.J.

I.    Introduction

In November 2014, Gamelin Bernier ("Bernier") filed a complaint against his employer,

Easter Seals of New Hampshire, Inc. ("Easter Seals"), claiming that Easter Seals engaged in

discriminatory hiring practices and, after Bernier complained about those practices, retaliated

against him.  Easter Seals filed a Motion to Dismiss for Lack of Personal Jurisdiction [#9], and

Bernier filed a Motion to Keep Case in Massachusetts [#6].  The court issued an Order to Show

Cause [#13], finding that venue was improper in Massachusetts and providing both parties an

opportunity to show cause why the case should not be transferred to the District of New

Hampshire.  In response, Easter Seals filed a Motion to Show Cause [#15], arguing that transfer

was not in the interest of justice.  Bernier filed a Response to Order to Show Cause [#16]

reiterating his argument in favor of keeping the case in Massachusetts, but asserting that he

would litigate this case in New Hampshire if transfer was required.

As set forth below, the court finds that it lacks personal jurisdiction over Easter Seals and

that venue in improper in Massachusetts, but that transfer rather than dismissal is in the interest

of justice.  Accordingly, Bernier's <u>Motion to Keep Case in Massachusetts</u> [#6] is DENIED;

Easter Seals' <u>Motion to Dismiss for Lack of Personal Jurisdiction</u> [#9] is ALLOWED only

insofar as it seeks a finding that this court lacks personal jurisdiction over Easter Seals and is

DENIED insofar as it seeks dismissal of the case; and Easter Seals' <u>Motion to Show Cause</u> [#15]

is DENIED.

II.      <u>Discussion</u>

     A.      <u>Personal Jurisdiction</u>

A plaintiff bears the burden of establishing the court's personal jurisdiction over

defendants.  <u>See, e.g.</u>, <u>Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.</u>, 290 F.3d

42, 50 (1st Cir. 2002).  Absent an evidentiary hearing, the court uses the "'prima facie' standard"

to determine if jurisdiction is appropriate.  <u>See</u> <u>United States v. Swiss Am. Bank, Ltd.</u>, 274 F.3d

610, 618 (1st Cir. 2001).  This test asks whether "the plaintiff has proffered evidence that, if

credited, is enough to support findings of all facts essential to personal jurisdiction."  <u>See</u> <u>Boit v.</u>

<u>Gar-Tec Prods., Inc.</u>, 967 F.2d 671, 675 (1st Cir. 1992).  "The 'plaintiff must go beyond the

pleadings'" and support its jurisdictional allegations with "affirmative proof."  <u>Id.</u> (quoting

<u>Chlebda v. H.E. Fortna & Bro., Inc.</u>, 609 F.2d 1022, 1024 (1st Cir. 1979)).

An exercise of personal jurisdiction over a defendant must comply with both the forum's

statutory limitations and the due process requirements of the U.S. Constitution.  <u>See, e.g.</u>, <u>id.</u>

(quoting <u>U.S.S. Yachts, Inc. v. Ocean Yachts, Inc.</u>, 894 F.2d 9, 11 (1st Cir. 1990)).  Because the

Massachusetts long-arm statute is at least coterminous with the constitutional limits on

jurisdiction, <u>see</u> <u>"Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp.</u>, 280 N.E.2d 423,

424 (Mass. 1972), however, this court may "sidestep the statutory inquiry and proceed directly to

the constitutional analysis," <u>Daynard</u>, 290 F.3d at 52.

"A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." <u>Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n</u>, 142 F.3d 26, 34 (1st Cir. 1998). Because Bernier's papers do not make clear which theory of jurisdiction he seeks to apply to Easter Seals, the court considers both.

### 1. <u>Specific Jurisdiction</u>

Specific jurisdiction requires that the defendant have "minimum contacts" with the forum, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation & Placement</u>, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted). In determining whether specific jurisdiction exists, the court first asks whether there is "a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." <u>Mass. Sch. of Law at Andover</u>, 142 F.3d at 34; <u>see also</u> <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472-73 (1985) (quoting <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 (1984)).

Bernier asserts that Easter Seals receives funding from the Boston Public Schools, the Massachusetts Department of Mental Health, and the Massachusetts Department of Children and Families to provide services to Massachusetts children. <u>See</u> Mot. Keep Case Mass. [#6]. Bernier further asserts that "Easter Seals . . . [has] an operating license from the state of Massachusetts[,] . . . [which] allows Easter Seals to provide services to residents from the state of Massachusetts at the N.H. facility." Resp. Order Show Cause [#16].

Bernier does not provide the court with evidence of these alleged contacts and has not filed an affidavit or verified pleading. <u>See</u> <u>Boit</u>, 967 F.2d at 675 (requiring a plaintiff to "go

beyond the pleadings" and support his jurisdictional allegations with specific evidence).

Nonetheless, cognizant of Bernier's *pro se* status, the court considers whether jurisdiction could

be satisfied if Bernier's allegations were taken as true.

Bernier's claims relate to employment discrimination and retaliation. Bernier alleges that

Easter Seals is a New Hampshire corporation and that, as an Easter Seals employee, Bernier

completed his job duties in New Hampshire. Bernier further alleges he should have been

promoted to a job based in New Hampshire and that Easter Seals' retaliatory acts occurred in

New Hampshire. In short, none of Easter Seals' alleged discriminatory acts occurred in or relate

to Massachusetts. Easter Seals' receipt of funding and an operating license from Massachusetts

is unrelated to the causes of action in this suit. Accordingly, the court lacks specific jurisdiction

over Easter Seals for purposes of this suit.

2. General Jurisdiction

For the court to exercise general jurisdiction: "(1) the defendant must have sufficient

contacts with the forum state, (2) those contacts must be purposeful, and (3) the exercise of

jurisdiction must be reasonable under the circumstances." Cossaboon v. Me. Med. Ctr., 600 F.3d

25, 32 (1st Cir. 2010). General jurisdiction requires that the defendant engage in business in the

forum state that is "so 'continuous and systematic' as to render them essentially at home"

therein. Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011); see

also Daimler AG v. Bauman, 134 S. Ct. 746, 761-62 (2014).

Presuming that Bernier's allegations regarding funding from Massachusetts can properly

be considered, these allegations fail to give rise to general jurisdiction over Easter Seals. The

First Circuit resolved a similar question in Harlow v. Children's Hosp., 432 F.3d 50 (1st Cir.

2005). In Harlow, a plaintiff sought to establish a Maine court's personal jurisdiction over a

4

Massachusetts hospital on the ground that citizens of Maine were treated at the hospital and Maine Medicaid often paid for their treatment.  Id. at 66. The First Circuit held that general jurisdiction over the hospital was lacking because:

> [t]reating patients from Maine in Massachusetts, even on a regular basis, is not the same as engaging in continuous and systematic activity in Maine. A hospital that treats Maine residents in Massachusetts is, quite simply, in a different position from a hospital that treats Maine residents in Maine . . . .  That the Hospital derives revenue from treating Maine patients, sometimes in the form of payments from Maine Medicaid, does not alter the basic fact that the Hospital is not 'engaged in continuous and systematic activity, unrelated to the suit, in [Maine].'"

Id. (alteration in original) (citation omitted).

Here, Easter Seals' position is similar to that of the Massachusetts hospital in Harlow; it cares for Massachusetts children at its New Hampshire facility and it receives payment from Massachusetts to provide that care.  In Harlow, the First Circuit found such facts insufficient to establish general jurisdiction over the Massachusetts hospital in Maine.  Applying Harlow, the court similarly finds that Easter Seals' contacts with Massachusetts do not create general jurisdiction over it for the purposes of this suit.

      B.    Improper Venue

Under 28 U.S.C. § 1391(b), venue is proper in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or (3) "if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to personal jurisdiction."

Bernier does not dispute that Easter Seals is located in New Hampshire and is not a citizen of Massachusetts. Further, Bernier does not dispute that he is employed by Easter Seals in

Manchester, New Hampshire, and that Massachusetts is not the district in which a substantial part of the events at issue allegedly occurred. Accordingly, venue for this action is proper in New Hampshire, but not in Massachusetts.

        C.      <u>Transfer Is In The Interest of Justice</u>

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer the case to any district or division in which it could have been brought." The Supreme Court has long held that a district court has the authority to transfer a case such as this one pursuant to 28 U.S.C. § 1406(a) even where the court lacks personal jurisdiction over a defendant. <u>Goldlawr, Inc. v. Heiman</u>, 369 U.S. 463, 465-67 (1962). Accordingly, the court in its discretion may transfer rather than dismiss this case if transfer serves the interest of justice.

Easter Seals argues that transfer is unwarranted based on Bernier's unjustified dilatoriness in filing his action. <u>See</u> Mot. Show Cause ¶¶ 7-8 [#15]. Easter Seals cites <u>Pedzewick v. Foe</u>, 963 F.Supp.2d 48, 52 (D. Mass. 1997), in which the judge declined to transfer after finding that counsel had filed the case in Massachusetts despite lacking any reasonable belief that jurisdiction or venue was appropriate and with the intent to toll the statute of limitations. This case is distinguishable from <u>Pedzewick</u>. Bernier is a *pro se* litigant who articulated a reasonable but mistaken view as to why he believed it was proper to file in Massachusetts. The court sees no evidence that filing in Massachusetts was in bad faith. Moreover, Bernier's complaint shows careful attention to pleading standards and the elements of his causes of action. Given that Bernier is proceeding *pro se*, the court finds no evidence that eighty-six days to craft this complaint was unreasonable or that it was prejudicial to Easter Seals.

Because the ninety-day period to seek judicial review after receipt of an EEOC right to

sue letter has apparently run since the filing of Bernier's complaint, see Mot. Show Cause ¶ 8, if the court were to dismiss this case Bernier would be barred from refiling at least his federal cause of action.  See Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 59 (1st Cir. 1998) ("[A] prescriptive period is not tolled by filing a complaint that is subsequently dismissed without prejudice.").  While the court is not in a position to assess the merits of Bernier's complaint at this stage, Easter Seals' make no argument that transfer would be futile because the complaint is factually or legally deficient.  Accordingly, the court finds that transfer of this case is in the interest of justice as it will allow the case to be resolved on its merits.  See Minnette v. Time-Warner, 997 F.2d 1023, 1027 (2d. Cir. 1993) ("Given that the functional purpose of 28 U.S.C. § 1406(a) is to eliminate impediments to the timely disposition of cases and controversies on their merits . . . the transfer of this action, when the statute of limitations has run, is in the interest of justice.").

III.   Conclusion

        For the foregoing reasons, Bernier's Motion to Keep Case in Massachusetts [#6] is DENIED; Easter Seals' Motion to Dismiss for Lack of Personal Jurisdiction [#9] is ALLOWED only insofar as it seeks a finding that the court lacks personal jurisdiction over Easter Seals and is DENIED insofar as it seeks dismissal of the case; and Easter Seals' Motion to Show Cause [#15] is DENIED.  The clerk is hereby ordered to transfer this case to the District Court for the District of New Hampshire.

        IT IS SO ORDERED.

August 6, 2015                                    /s/ Indira Talwani
                                                 United States District Judge